UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, *subscriber assigned IP address 76.167.66.81*,<br><br>Defendant. | Case No.: 22cv1626-RSH-MDD<br><br>**ORDER DENYING EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>[ECF No. 4] |

Before the Court is Strike 3 Holdings, LLC's ("Plaintiff") *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference filed on November 9, 2022.  (ECF No. 4).  No Defendant has been named or served.  For the reasons discussed below, Plaintiff's motion is **DENIED**.

On October 10, 2022, Plaintiff filed a Complaint against "John Doe," allegedly a subscriber of Spectrum assigned IP address 104.6.139.104 ("Defendant").  (ECF No. 1).  Plaintiff alleges that Defendant infringed on Plaintiff's copyrights in certain works by using the BitTorrent file distribution network to copy and distribute Plaintiff's copyrighted works

through the Internet without Plaintiff's permission.  (*Id.*).

Plaintiff seeks leave to conduct early discovery to learn the identity of the user of the subject Internet Protocol ("IP") address from the Internet Service Provider ("ISP") who leased the IP address to that user—allegedly the Defendant—during the relevant period.  Specifically, Plaintiff seeks an order permitting it to serve a third-party subpoena on "Spectrum" requiring it to disclose the name and address of the user associated with that IP address.

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  A court may order such pre-conferral discovery "to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  A plaintiff seeking such an order must, among other things, "file a request for discovery with the Court . . . identif[ying] a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580.

Plaintiff has failed to make that identification here.  It asks the Court for leave to issue a subpoena addressed to "Spectrum," which a private database of IP addresses identifies as the ISP that owns the IP address associated with Defendant. (ECF No. 4 at 1–2; ECF No. 4-2, Ex. 1).  Plaintiff provides no further information about Spectrum, which does not appear to be actively registered to do business in California.  *See* California Secretary of State, *Business Search*, https://bizfileonline.sos.ca.gov/search/business (last

accessed November 30, 2022).[1] Active businesses registered under that name in California include Spectrum, LLC, an agricultural supplier, and Spectrum Inc., a real estate business—not entities likely to provide Defendant's internet service. *Id.* At least 497 other entities are registered to do business in California under names beginning with the word "Spectrum." *Id.*

The Court cannot order that "Spectrum" be required to respond to discovery without further specificity. Such an order would either be impermissibly broad, allowing Plaintiff to take discovery from any entity called "Spectrum," *see Columbia Ins. Co.*, 185 F.R.D. at 580 (plaintiff must "identif[y] a limited number" of potential subpoena recipients), or too vague to support enforcement of the ensuing subpoena against any specific "Spectrum" entity. *See id.* at 577 (absent court order, plaintiffs may not conduct discovery prior to serving defendant with process).

The Court recognizes that it previously has authorized this Plaintiff to serve subpoenas on ISPs (including "Spectrum") without any information about the ISP beyond its name. *See, e.g., Strike 3 Holdings, LLC v. Doe*, Case No. 22-cv-478-BAS-MDD, ECF No. 5 (May 5, 2022) (granting ex parte application for leave to serve third-party subpoena on "Spectrum"). But the reasons to avoid lending the Court's imprimatur to a vaguely-directed

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The Court takes judicial notice of the records of the California Secretary of State. *See* Fed. R. Evid. 201(b)(2).

subpoena are compelling.  That was an error which the Court declines to repeat.

Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.

Dated:   December 1, 2022

Hon. Mitchell D. Dembin
United States Magistrate Judge