UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, *subscriber assigned IP address 76.167.66.81*,<br><br>Defendant. | Case No.:  22cv1626-RSH-MDD<br><br>**ORDER DENYING RENEWED EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>[ECF No. 6] |

Before the Court is Strike 3 Holdings, LLC's ("Plaintiff") Renewed *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference filed on December 2, 2022.  (ECF No. 6). For the reasons discussed below, Plaintiff's motion is **DENIED**.

On October 10, 2022, Plaintiff filed a Complaint against "John Doe," allegedly a subscriber of "Spectrum" assigned IP address 76.167.66.81 ("Defendant"). (ECF No. 1).  Plaintiff alleges that Defendant infringed Plaintiff's copyrights in certain works by using the BitTorrent file distribution network to copy and distribute those works through the Internet without Plaintiff's permission.  (*Id.*).

1

Plaintiff seeks leave to conduct early discovery to learn the identity of the subscriber of the subject Internet Protocol ("IP") address from the Internet Service Provider ("ISP") who leased the IP address to its subscriber during the relevant period. Specifically, Plaintiff seeks an order permitting it to serve a third-party subpoena on Spectrum requiring the ISP to supply the name and address of its subscriber to Plaintiff.

A plaintiff seeking such an order must, among other things, "file a request for discovery with the Court . . . identif[ying] a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. at 578 (N.D. Cal. 1999) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). The plaintiff must make the "reasonable likelihood" showing with competent evidence. *See AF Holdings LLC v. Doe*, 12CV1523-AJB KSC, 2012 WL 4339072, at *3 (S.D. Cal. Sept. 20, 2012) (requiring evidence tying IP address to subpoena target).

Plaintiff moved once before for an ex parte application for leave to serve a third-party subpoena on "Spectrum." The Court denied that motion because it failed to identify "Spectrum" with specificity. The Court would not order that "Spectrum" be required to respond to discovery without further specificity. Such an order would either be impermissibly broad, allowing Plaintiff to take discovery from any entity called "Spectrum," *see Columbia Ins. Co.*, 185 F.R.D. at 580 (plaintiff must "identif[y] a limited number" of potential subpoena recipients), or too vague to support enforcement of the ensuing subpoena against any specific "Spectrum" entity. *See id.* at 577 (absent court order, plaintiffs may not conduct discovery prior to serving

defendant with process).

The renewed motion fails to correct the issue. The only difference the Court can discern between Plaintiff's renewed motion and the previously denied motion is addition of the following footnote:

> Spectrum (https://www.spectrum.net/) "is a trade name of Charter Communications, used to market consumer and commercial cable television, internet, telephone, and wireless services provided by the Company." *See* https://en.wikipedia.org/wiki/Spectrum_(TV_service). Spectrum is owned by Charter Communications, Inc. *See, e.g., Hart v. Charter Commc'ns, Inc.*, 814 F. App'x 211, 213 (9th Cir. 2020) (regarding "Spectrum Management Holding Co., LLC ('Spectrum') and Spectrum's parent company, Charter Communications, Inc. ('Charter')"). Strike 3 refers to the ISP as "Spectrum" in its papers since that is the name that Maxmind uses to identify the entity, *see* Exhibit 1 to Decl. of Emilie Kennedy, but Strike 3's subpoenas are addressed to Spectrum and its parent company, Charter. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 18-2496 (TJH)(SPx), 2019 WL 12446430, at *1 (C.D. Cal. Mar. 29, 2019) (denying motion to quash that was addressed "to Charter (Spectrum), defendant's Internet Service Provider"). Additionally, at the ISP's instruction, subpoenas addressed to Spectrum are served via Spectrum's online portal, where Spectrum has provided Strike 3 with an account to directly upload the subpoena to Spectrum's legal department. Spectrum has never rejected a subpoena or court order that has referred to it as "Spectrum," and the ISP routinely complies with early discovery orders. *See, e.g., Strike 3 Holdings, LLC v. Doe, No. 19-2552* (LAK)(OTW), 2019 WL 4855039, at *3 (S.D.N.Y. Oct. 2, 2019) (denying motion to quash after Spectrum informed subscriber of the pending subpoena).

(ECF No. 6 at 2 n.1).

Plaintiff still does not identify any specific entity amendable to service of a subpoena. To meet the evidentiary burden, Plaintiff must file an affidavit or other evidence that ties the IP address to a specific identifiable entity that Plaintiff can serve and, if necessary, sue to enforce the subpoena. *AF Holdings*, 2012 WL 4339072, at *3 (S.D. Cal. Sept. 20, 2012) (requiring

evidence tying IP address to subpoena target). Plaintiff mentions "Charter Communications" in the briefing, citing Wikipedia for the purported fact that "Spectrum" is a trade name of that entity.  Wikipedia is not evidence. *See, e.g., Hasbro, Inc. v. Sweetpea Enter., Inc.,* CV 13-3406-DMG (JCGx), 2014 U.S. Dist. LEXIS 199557, 2014 WL 12580250, at *3 (C.D. Cal. Feb. 25, 2014) (anonymously-authored Wikipedia page is unreliable).  Plaintiff next cites Ninth Circuit precedent regarding a relationship between "Spectrum Management Holding Co., LLC" and Charter Communications but: 1) precedent is not evidence; 2) Plaintiff makes no argument that Defendant can or should be bound by factual findings in that case; and 3) Plaintiff makes no mention of "Spectrum Management Holding Co., LLC" in relation to Defendant.

No facts in evidence indicate that "Spectrum" is owned by "Charter Communications," or that Defendant has any connection to any particular entity called "Spectrum."  The Court cannot sanction issuance of a subpoena on either entity.

Plaintiff's motion is **DENIED.**

Dated:   December 15, 2022

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge